UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-182-F

RICHARD G. EATMON,
    Plaintiff,

v.

ORDER

DAVID HAWKINS, in his official and
individual capacities, CITY OF ROCKY
MOUNT; STEPHANIE YOUNG, in her
individual capacity,
    Defendants.

This matter is before the court Plaintiff's Motion for Leave to Amend Complaint [DE-29]. Defendant City of Rocky Mount has filed a response, indicating that it does not oppose Plaintiff's motion. No other Defendant has filed a response, and the time for doing so has since passed. This matter is therefore ripe for disposition.

Plaintiff seeks to add additional factual allegations to the Complaint, and additional claims under federal law against the City of Rocky Mount. Plaintiff represents that the additional factual allegations are based upon information learned by Plaintiff since the filing of the original Complaint.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The Supreme Court, in *Foman v. Davis*, 371 U.S. 178 (1962), set forth the general standard for district courts to consider when making Rule 15(a) determinations:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason such as undue delay,

> bad faith, or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the opposing
> party for virtue of the allowance of the amendment, futility of the amendment,
> etc., the leave should, as the rules require, be "freely given."

*Id.* at 182 (quoting FED. R. CIV. P. 15(a)). Thus, in the Fourth Circuit, the law is well settled "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). The decision to deny or grant leave to amend a pleading is within a district court's discretion; however a court may not exercise its discretion in a way that undermines Rule 15. *See Pittston Co. v. United States*, 199 F.3d 694, 705 (4th Cir. 1999).

Based on Plaintiff's assertions, as well as the City of Rocky Mount's consent to the motion, the court cannot say that the proposed Amended Complaint will be futile or is the result of bad faith on the part of Plaintiff. Moreover, the court cannot conclude that allowing Plaintiff to file an Amended Complaint will unduly prejudice any of the Defendants. Accordingly, Plaintiff's Motion for Leave to Amend Complaint [DE-29] is ALLOWED. The Clerk of Court is DIRECTED to file Plaintiff's Amended Complaint, which is attached to the Motion to Amend the Complaint.

Consequently, the Motions to Dismiss the Complaint [DE-20] and [DE-28] are DENIED AS MOOT. The City of Rocky Mount's Response [DE-31], which this court construes as a Motion for an Extension of Time, is ALLOWED, and the City of Rocky Mount shall have twenty (20) days from the filing date of this order in which to file responsive pleadings to the Amended Complaint.

SO ORDERED.

This the __21__ day of August, 2007.

_____
James C. Fox
Senior United States District Judge

3